IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-00049-F

| | |
|---|---|
| REINALDO OLAVARRIA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NORTH CAROLINA ADMINISTRATIVE ) <br> OFFICE OF THE COURTS, LORI G. ) <br> CHRISTIAN, ROBERT RADER, and ) <br> NORTH CAROLINA JUDICIAL ) <br> STANDARDS COMMISSION, ) <br> ) <br> Defendants. ) | ORDER AND <br> MEMORANDUM AND <br> RECOMMENDATION |

This matter is before the court on Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence suit in federal court without paying administration costs associated with such proceedings. [DE-1]. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and the application is allowed. However, after reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), it is recommended that the complaint be dismissed for the reasons stated below.

## I. STANDARD OF REVIEW

After allowing an application to proceed *in forma pauperis*, the court must still review the allegations of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the

ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McLean v. United States,* 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke,* 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner,* 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction,* 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative

2

level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

Plaintiff alleges federal statutory and constitutional claims, including claims under 42 U.S.C. §§ 1981 and 1983 and 18 U.S.C. §§ 241 and 242, and state law tort claims against Defendants the North Carolina Administrative Office of the Courts, Judge Lori G. Christian, in her official and individual capacity, Judge Robert Rader, in his official capacity, and the North Carolina Judicial Standards Commission. [DE-1-1]. Plaintiff summarizes the factual basis for his complaint as follows:

> Plaintiff first appeared with counsel, Attorney Robert Monk, on June 26, 2012, wherein two actions were scheduled to be heard, one was a Domestic Violence Petition initiated by plaintiff, 12CVD7179, and the second was a hearing on temporary orders scheduled by Theresa Jones, to include temporary custody order, child support, divorce, and equitable distribution claims. On the Domestic Violence Claim, plaintiff was appearing pro se, while on the other claims arising from those initiated by Theresa Jones (Olavarria), plaintiff was appearing with counsel. During the initial claim on domestic violence, plaintiff was denied the opportunity to be heard in a meaningful manner, to include due process violations, and that claim was

3

subsequently denied without a hearing, by the Honorable Judge Lori Christian. Plaintiff filed other claims like show causes, on the 12 CVD 4046 matter, and, although the claims had merit, they were denied without the opportunity to be heard in a meaningful manner, in violation of his due process rights. Additionally, in February 2013, claims regarding contempt (against Theresa Jones), were denied, in an arbitrary manner, in violation of plaintiff's due process rights, although evidence was presented to show Theresa Jones did willfully violate the first temporary order, issued by the Honorable Judge Lori Christian, by willful, premeditated action by Theresa Jones, like failing to pay child support without good cause, and move her claims forward. In February 2013, the Honorable Judge Lori Christian, did fail to allow plaintiff to move the court to pursue additional claims arising from the action before the court, 12 CVD 4046, to include perjury and fornication. Plaintiff was also injured during hearing held in December 2014, wherein the Honorable Judge Lori Christian denied plaintiff's due process rights to a hearing on the divorce, and other matters and motions before the court. Throughout these proceedings, plaintiff did file motions to recuse the Honorable Judge Lori Christian, directed to the Honorable Judge Robert Rader, and in violation of his due process rights, motions were denied, without hearing and due process, although the claims were meritous [sic]. Plaintiff did additionally file complaints with the North Carolina Judicial Standards Commission that resulted in inaction by the commission.

[DE-1-1] at 2-3. Plaintiff also alleges that Defendants are "protected by one or more policies of liability insurance" or "participate in a government risk pool pursuant to N.C. Gen. Stat. § 58-23-5, or maintain a funded reserve" and have thus waived any immunity to which they may have otherwise been entitled. *Id.* at 4-5. Plaintiff seeks compensatory damages in excess of $10,000.00, punitive damages as allowed by law, judgment against Defendants, pre- and post-judgment interest, costs and attorney's fees, and that the state court's findings of fact and conclusions of law/orders be vacated. *Id.* at 11-12.

### A. Defendants North Carolina Administrative Office of the Courts and North Carolina Judicial Standards Commission

Plaintiff asserts claims under 42 U.S.C. §§ 1981 and 1983 against two state agencies, the North Carolina Administrative Office of the Courts and the North Carolina Judicial Standards Commission. As the Supreme Court has stated, "[t]he ultimate guarantee of the Eleventh

4

Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). This immunity from suit applies not only to the State itself, but also to claims against state agencies and state officials acting in an official capacity. *See Myers v. North Carolina*, No. 5:12-CV-714-D, 2013 WL 4456848, at *3 (E.D.N.C. Aug. 16, 2013) (unpublished) ("State agencies and state officials acting in their official capacities also are protected against a claim for damages because a suit against a state office is no different from a suit against the state itself.") (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Edelman v. Jordan*, 415 U.S. 651, 666-68 (1974); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479 (4th Cir. 2005)). Sovereign immunity may be waived or abrogated. *See Snow v. N.C. Dep't of Health & Human Servs.*, No. 5:12-CV-724-FL, 2014 WL 808646, at *6-7 (E.D.N.C. Feb. 28, 2014) (unpublished) (discussing exceptions to doctrine of state sovereign immunity).

Here, Plaintiff alleges that Defendants are "protected by one or more policies of liability insurance" or "participate in a government risk pool" and have thus waived any immunity to which they may have otherwise been entitled. [DE 1-1] at 4-5. Plaintiff cites North Carolina General Statute §§ 153A-435 and 58-23-5 or "applicable state law" in support of this contention. *Id.* Neither of these statutory provisions relates to the North Carolina Administrative Office of the Courts or the North Carolina Judicial Standards Commission. *See* N.C. Gen. Stat. § 153A-435 (pertaining to liability insurance and damage suits against a county); *id.* § 58-23-5 (pertaining to local government pooling of property, liability and workers' compensation coverages). Plaintiff's assertion that "applicable state law" supports his allegation of waiver is conclusory and insufficient to overcome case law to the contrary. *See D'Alessandro v. North Carolina*, No. 5:14-CV-16-BO, 2014 WL

5

2535222, at *2 (E.D.N.C. Mar. 27, 2014) (unpublished) (recommending dismissal of §§ 1983 and 1985 claims against the North Carolina Administrative Office of the Courts and North Carolina Judicial Standards Commission as barred by sovereign immunity), *adopted by* 2014 WL 2547696 (E.D.N.C. June 5, 2014). Accordingly, Plaintiff's claims under §§ 1981 and 1983 against Defendants North Carolina Administrative Office of the Courts and North Carolina Judicial Standards Commission should be dismissed for lack of jurisdiction and failure to state a claim.

## B. Defendants Lori Christian and Robert Rader

Plaintiff asserts claims under 42 U.S.C. §§ 1981 and 1983 against Defendants Christian and Rader, both state court judges, in their official capacities and also against Christian in her individual capacity. These Defendants are immune from suit. *See D'Alessandro*, 2014 WL 2535222, at *3-4 (recommending dismissal of claims against judges Christian and Rader as barred by sovereign immunity and judicial immunity). Suits against state officers in their official capacities are considered suits against the state and are barred by sovereign immunity. *Myers*, 2013 WL 4456848, at *3 (citations omitted). Likewise, the individual capacity claim against Christian is barred by the doctrine of judicial immunity. The allegations of the complaint against Defendant Christian are within the context of a court case between Plaintiff and his ex-wife in which Christian was the presiding judge. [DE 1-1] at 2-9. "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *see also Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (a judge may not be attacked for exercising judicial authority even if done improperly); *Green v. North Carolina*, No. 4:08-CV-135-H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010) (unpublished) (claims against

6

North Carolina Superior Court Judge and/or clerk of court within their capacities as judicial officers are barred by doctrine of judicial immunity). Accordingly, Plaintiff's claims under 42 U.S.C. §§ 1981 and 1983 against Defendants Christian and Rader in their official and individual capacities should be dismissed.

## C.     18 U.S.C. §§ 241 and 242

Plaintiff asserts Defendants violated 18 U.S.C. §§ 241 and 242. These are criminal statutes and provide no private cause of action. *See D'Alessandro*, 2014 WL 2535222, at *4 ("Section 242 is a criminal statute. While it provides criminal penalties, it does not give rise to civil liability or authorize a private right of action."); *Johnson v. Thomas*, No. 4:10-CV-151-BR, 2011 WL 1344008, at *5 (E.D.N.C. Apr. 8, 2011) (unpublished) (concluding 18 U.S.C. §§ 241 and 242 provide no private cause of action) (citation omitted). Accordingly, Plaintiff's claims pursuant to 18 U.S.C. §§ 241 and 242 should be dismissed as frivolous.

## D.     *Rooker-Feldman* Doctrine

The factual allegations of the complaint occurred in the context of a state court domestic proceeding. [DE 1-1] at 2-9. To the extent Plaintiff seeks to challenge the state court's orders this court lacks the jurisdiction to undertake such judicial review under the *Rooker-Feldman* doctrine. *See D'Alessandro*, 2014 WL 2535222, at *5 ("To the extent Plaintiff is challenging the state court's custody orders, this court lacks jurisdiction . . . ."); *Richardson v. Green*, No. 5:11-CV-202-H (E.D.N.C. July 6, 2011) (unpublished) (concluding that review of state court decision with respect to child support order was foreclosed by the *Rooker-Feldman* doctrine), *aff'd*, No. 11-1745, 2012 WL 432946, at *1 (4th Cir. Feb. 13, 2012). Plaintiff's right of appeal from the state court's orders lies in the North Carolina appellate courts and, thereafter, to the United States Supreme Court. *See*

7

*McAllister v. North Carolina*, No. 5:10-CV-79-D, 2011 WL 883166, at *4 (E.D.N.C. Mar. 11, 2011) (unpublished) (concluding that plaintiff dissatisfied with a state court child support proceeding may appeal within the state court appellate system and, thereafter, to the United States Supreme Court). Accordingly, Plaintiff's claims seeking review of the state court's orders should be dismissed.

### E. State Law Tort Claims

Plaintiff asserts state law claims based in negligence against Defendants. Where it is recommended that Plaintiff's federal claims be dismissed, the court may decline to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367 (providing that a court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"); *Chesapeake Ranch Water Co. v. Bd. of Comm'rs of Calvert Cnty.*, 401 F.3d 274, 277 (4th Cir. 2005) (having dismissed federal claims, district court properly declined supplemental jurisdiction of state claims); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (recognizing that under § 1367(c), the district courts "enjoy wide latitude in determining whether or not to retain [supplemental] jurisdiction over state claims when all federal claims have been extinguished") (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Here, where Plaintiff's claims are related to the conduct of a state court proceeding, the state has a strong interest in the subject matter of the suit. *See D'Alessandro*, 2014 WL 2535222, at *5 ("Given the nature of Plaintiff's claims and considering the state court's strong interest in its orders, the undersigned recommends that the court decline jurisdiction over Plaintiff's state-law claims."). Accordingly, the court should decline to exercise jurisdiction over any remaining state law claims.

### III. CONCLUSION

For the reasons stated herein, it is ORDERED that Plaintiff's application to proceed *in forma*

*pauperis* is ALLOWED, and it is RECOMMENDED that the case be dismissed.

The Clerk shall send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO ORDERED AND SUBMITTED, the __19__ day of February 2015.

Robert B. Jones, Jr.
United States Magistrate Judge